UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　v.　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>DONALD HUNTER,　　　　　　)<br>　　　　Defendant.　　　　　　)<br>　　　　　　　　　　　　　　　) | CR. No. 2006-113 (ESH)(AK)<br>SEALED |

REPORT AND RECOMMENDATION

　　　　This matter was referred to a United States Magistrate Judge by the Honorable Ellen Segal Huvelle for the acceptance of a plea to a one-count Criminal Information, alleging a violation of 21 U.S.C. §846, charging the Defendant with Conspiracy to Distribute and to Possess with the Intent to Distribute 5 Kilograms or More of Cocaine.

Hearing on Plea

　　　　The Defendant, Donald Hunter, came before the Court on May 19, 2006, represented by counsel, Bernard S. Grimm. The Government was represented by Assistant United States Attorney Rachel Carlson Lieber. For the record, Defendant, Defendant's counsel and Government counsel consented to proceed before the undersigned United States Magistrate Judge, for the purpose of conducting the plea colloquy and accepting the plea. The Court placed Mr. Hunter under oath and ascertained that he was competent to enter a plea to the one-count Criminal Information, and the Court then proceeded to explain the nature of the charges to which the plea was being offered.

　　　　The Court followed Rule 11 of the Federal Rules of Criminal Procedure, advising the Defendant of the maximum possible penalty provided by law and ascertaining his awareness of

the Sentencing Guidelines and the fact that such Guidelines are no longer mandatory, but should be considered by the sentencing court. The Defendant acknowledged that he wished to waive his right to a jury trial before a United States District Court Judge and that by entering a plea of guilty, which, if accepted by the District Court, would waive his right to appeal a judgment of guilt. The Defendant indicated that the terms and conditions contained in the plea agreement, which was filed and made part of the record in this case, accurately reflected the agreement between himself, his counsel, and the United States and that no other promises, other than what was contained in the plea agreement, had been made to him in order to secure his plea of guilty in this case. Defendant acknowledged that he conspired to distribute and possessed with intent to distribute 5 kilograms or more of cocaine.

The Court found, after advising the Defendant of his rights, Mr. Hunter's plea of guilty to the one-count Criminal Information was voluntarily and knowingly made and that his admissions of guilt encompassed each of the elements of the offense charged in the one count of the Criminal Information.

## Recommendation

The undersigned recommends that the trial court accept Mr. Hunter's plea of guilty based upon this Court's finding that the plea of guilty was knowingly and voluntarily made by Mr. Hunter, who was found to be competent and that he fully understood the nature and the consequences of entering such a plea. Following the entry of the plea of guilty, the Court directed that the Defendant be continued held without bond.

May 24, 2006

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE